1

2

3

4

5

6

7                      IN THE UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9     CELESTE BOSLEY,

10              Plaintiff,                    No. CIV 2:11-cv-3444-KJM-JFM (PS)

11         vs.

12    UNITED STATES POSTAL SERVICE, *et al.*,    ORDER AND

13              Defendants.                    FINDINGS & RECOMMENDATIONS

14    _____/

15              Since initiating this action on December 27, 2011, plaintiff has failed to serve any

16    defendant and has further failed to appear at a July 12, 2012 initial scheduling conference.

17    Accordingly, on July 17, 2012, the undersigned issued an order to show cause why this action

18    should not be dismissed for failure to prosecute.  Plaintiff has not responded to the court order.

19              This court has the inherent power to achieve the orderly and expeditious

20    disposition of cases by dismissing actions for failure to prosecute.  See Link v. Wabash R.R., 370

21    U.S. 626, 629-30 (1962).  In determining whether to dismiss an action for lack of prosecution, a

22    court must consider several factors: (1) the public's interest in expeditious resolution of

23    litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4)

24    the public policy favoring disposition of cases on their merits; and (5) the availability of less

25    drastic alternatives.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); Henderson v. Duncan,

26    779 F.2d 1421, 1423 (9th Cir. 1986).

1

1      This court finds that the first two factors – the public's interest in expeditiously

2   resolving this litigation and the court's interest in managing the docket – weigh in favor of

3   dismissal, as this case has been pending since December 2011, and the plaintiff has not

4   responded to the court's order to show cause for nearly two months.  The court cannot hold this

5   case in abeyance indefinitely awaiting plaintiff's response to the court's directives.  The third

6   factor, risk of prejudice to defendants, also weighs in favor of dismissal since not only is there a

7   presumption of injury arising from the occurrence of unreasonable delay in prosecuting an

8   action, <u>Anderson v. Air West, Inc.</u>, 542 F.2d 522, 524 (9th Cir. 1976), but no defendant has yet

9   been served in this case.  The fourth factor, the public policy favoring disposition of cases on

10  their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,

11  as this court has already cautioned plaintiff of the consequences of failing to prosecute this

12  action and afforded her the opportunity to do so, and as plaintiff has not responded, no sanction

13  lesser than dismissal without prejudice is feasible.

14      Accordingly, IT IS HEREBY ORDERED that the order to show cause is vacated;

15  and

16      IT IS HEREBY RECOMMENDED that this matter be dismissed without

17  prejudice pursuant to Federal Rule of Civil Procedure 41(b).

18      These findings and recommendations are submitted to the United States District

19  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

20  days after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised

23  that

24  /////

25  /////

26  /////

1   failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: September 7, 2012.

4

5   _____
    UNITED STATES MAGISTRATE JUDGE

6

7   /014;bosl3444.jo

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26